**THE MILLS LAW FIRM**
Robert W. Mills, Esq. (Bar No. 062154)
rwm@millslawfirm.com
Joshua D. Boxer, Esq. (Bar No. 226712)
josh@millslawfirm.com
Corey B. Bennett, Esq. (Bar No. 267816)
corey@millslawfirm.com
880 Las Gallinas Avenue, Suite 2
San Rafael, California 94903
Telephone: (415) 455-1326
Facsimile: (415) 455-1327
          -and-
**BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER**
Robert Bramson, Esq. (Bar No. 102006)
rbramson@bramsonplutzik.com
2125 Oak Grove Rd., Suite 120
Walnut Creek, CA 94598
Tel (925) 945-0200
Fax (925) 945-8792
*Attorneys for Plaintiffs Nina Giampaoli & John Elbert*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NINA GIAMPAOLI and JOHN ELBERT, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>ANHEUSER-BUSCH COMPANIES, LLC,<br><br>Defendant. | Case No. CV-13-00828 EMC<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING [CIVIL L.R. 3-13]**<br><br>**DEMAND FOR JURY TRIAL** |

GIAMPAOLI v. ANHEUSER-BUSCH COMPANIES, LLC

Pursuant to Civil Local Rule 3-13, Plaintiffs Nina Giampaoli and John Elbert, by and through their counsel of record, hereby submit the following Notice of Pendency of Other Action of Proceeding.

## I. Description of the Actions:

There are currently eight pending class actions against Defendant Anheuser-Busch Companies, LLC ("AB") in six judicial districts, and two state courts, alleging virtually identical legal claims based on virtually identical facts.  Specifically, Plaintiffs in each of those actions allege that AB mislabels its malt beverages by overstating the percentage of alcohol as a matter of uniform corporate policy.[1]  Because these actions involve common issues of fact and law, to conserve judicial resources and avoid the inherent risk of inconsistent rulings by multiple district court judges regarding the overlapping classes, and to serve the convenience of witnesses and parties, the Plaintiffs filed a motion to transfer all of the related actions to this Court for consolidated or coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407.  The related actions have been identified as *MDL 2448: In Re Anheuser-Busch Beer Labeling, Marketing and Sales Practices Litigation*. The motion to transfer is now pending before the JPML, which ordered briefing by April 15, 2013,[2] and should be heard in just two months during the Panel's May 30, 2013 hearing session.

## II. Title and Location of the Courts in Which Other Actions Are Pending:

A. *Richardson v. Anheuser-Busch Companies, LLC*, District of Colorado, Case No. 13-cv-00506-CMA-MEH.

B. *Greenberg et al v. Anheuser-Busch Companies, LLC*, Eastern District of Pennsylvania, Case No. 2:13-cv-01016;

C. *Hopkins et al v. Anheuser-Busch Companies LLC*, Northern District of Ohio, Case No. 13-CV-413 (DCN);

---

[1] See *MDL 2448*, Dkt. No. 1.
[2] *Id.* at Dkt. No. 4.

D. *Seidenstein v. Anheuser-Busch Companies LLC*, Northern District of Texas, Case No. 3:13-cv-00917-M;

E. *Wilson v. Anheuser-Busch Companies LLC*, District of New Jersey, Case No. Case No. 13-CV-1122 (NLH) (AMD);

F. *Murray v. Anheuser-Busch Companies LLC*, Circuit Court of Jackson County, Missouri at Independence, Case No. 1316-CV04310;

G. *King v. Anheuser-Busch Companies LLC*, Circuit Court of the Seventh Judicial Circuit in Volusia County, Florida, Civil Division, Case No. 2013 10829 CIDL01.

### III. Relationship to the Action Pending in This District

Each of the related actions alleges that AB deliberately, uniformly and systematically overstates the alcohol content of its malt beverages, despite the sophisticated technology that enables AB to precisely identify and control the alcohol content of its products to within hundredths of one percent. All of these actions are premised on virtually identical conduct and allegations, present common questions of fact and law, and make the same core allegations against the same, single defendant.[3]

Each of the related actions is a class action, one of which, this California action, seeks to represent all consumers in the contiguous 48 states who purchased at retail for personal, family or household purposes, and not for re-sale, during the fullest period permitted by the applicable statute of limitations, one or more of 11 identified AB products, which were manufactured in the state of Missouri for off-site consumption. The other class actions seek to represent all such consumers of their respective states who purchased the identified AB products in their state. Accordingly, Plaintiffs contend that these actions "involve[] all or a material part of the same subject matter and all or substantially all of the same parties as another action which is pending in any other federal or state court. . ." L.R. 3-13.

Plaintiffs have moved the Judicial Panel on Multidistrict Litigation for transfer to this Court for consolidated or coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407.

---

[3] See *MDL 2448*, Dkt. No. 1.

Plaintiffs contend that such a transfer will prevent duplicative discovery, and eliminate the possibility of inconsistent rulings, particularly as they relate to the overlapping classes. Consolidation will reduce litigation costs, minimize inconvenience to parties and witnesses, and otherwise allow the actions to proceed efficiently to trial. Further, consolidation will facilitate a comprehensive schedule for appointing lead counsel and plaintiffs, the filing of a single pleading on behalf all plaintiffs in the actions, and testing of the pleading's sufficiency. Consolidation will also provide a single forum to which future "tag-along" actions may be transferred to promote judicial economy.

Plaintiffs will be moving to stay the present action pending the determination by the JPML since the purposes of 28 U.S.C. § 1407, "the convenience of parties and witnesses and . . . the just and efficient conduct of such actions," would be undermined if this Court, and the other five district courts, were required to entertain challenges to virtually identical pleadings,[4] conduct scheduling conferences, hear discovery motions and otherwise waste valuable judicial resources, while the Transfer Motion is pending. Given that there is already one motion to dismiss pending (in the Texas action), and that several other motions to dismiss expected to be filed shortly, each making the same arguments, a stay is particularly warranted in this case to conserve judicial resources and prevent inconsistent rulings. For those reasons, ". . . it appears that a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997). "Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998).

Dated: March 28, 2013               Respectfully submitted,
                                    **THE MILLS LAW FIRM**


                                    By:   /s/ Joshua D. Boxer
                                    Robert W. Mills (SBN 062154)

---

[4] AB already filed a motion to dismiss the Northern District of Texas action.

3
GIAMPAOLI v. ANHEUSER-BUSCH COMPANIES, LLC

|   |   |
|---|---|
| 1 | Joshua D. Boxer (SBN 226712) |
|   | Corey B. Bennett (SBN 267816) |
| 2 |   |
|   | **BRAMSON, PLUTZIK, MAHLER &** |
| 3 | **BIRKHAEUSER** |

By:  /s/ Robert M. Bramson
Robert Bramson, Esq. (Bar No. 102006)

*Attorneys for Plaintiffs Nina Giampaoli, John Elbert, and the Proposed Classes*